# Goodwin, Appellant, *v.* McMinn.

*Deed—Fraud—Principal and surety.*

Where real estate has been conveyed by an unconditional deed to a surety to protect him against loss, and subsequently the same property is sold at sheriff's sale as the property of the grantor, and thereafter the purchaser at sheriff's sale files a bill in equity for a cancelation of the deed to the surety, alleging fraud, and the court finds on sufficient evidence that there was no fraud, and that the surety by paying off the obligations of his principal had paid a full and fair price for the real estate, the bill was properly dismissed.

Argued Oct. 20, 1902. Appeal, No. 10, Oct. T., 1902, by plaintiff, from decree of C. P. Greene Co., No. 18, in equity, dismissing bill in equity in case of William Goodwin v. T. Reed McMinn. Before McCOLLUM, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for cancelation of two quitclaim deeds.

The bill set forth that A. C. Shaw, on November 2, 1891, was the owner in fee of certain real estate situate in Jefferson borough, consisting of a house and lot; that he was financially involved; that T. R. McMinn was surety for him to several persons, among others Emma Cowan, $200, and Isaac L. Keys, $200. Upon these two notes Haver and McMinn were cosureties. That judgment was entered in the common pleas upon the Cowan notes. That McMinn represented to Shaw that he must make conveyances of his property to McMinn and Haver to secure them as bail, which was done. McMinn converted certain of the property and paid all claims for which he or Haver

were liable, retaining the property described in the bill, together with other property so conveyed. Haver subsequently conveyed to McMinn. That Shaw relied upon the false statements of McMinn, believed them to be true and acted upon them to the injury of himself and his creditors. That the property described in the bill was not needed by McMinn or Haver to protect them, as all the debts upon which they were liable were paid from the proceeds of other property conveyed to McMinn for that purpose. That John V. McGovern subsequently entered a judgment in the common pleas against Shaw, fi. fa. issued thereon and the property sold to plaintiff for $1,000, and deed duly made, of which McMinn had knowledge. The plaintiff, being a purchaser of Shaw's title for value, filed this bill for a decree of cancelation as against McMinn of the deeds held by him.

The answer set forth that it was true that Shaw owned the property described in the bill, and that he was financially involved, and that McMinn and Haver were sureties on the Cowan and Keys notes. It, however, denied that McMinn represented to Shaw that he must make the conveyences to secure him as bail, but admitted that to secure him as bail for $1,200, Shaw, on August 15, 1891, conveyed ten acres and 106 perches of the land. It also admitted that on November 2, 1891, the house and lot described in the bill was conveyed to McMinn and Haver to secure them as bail on the Cowan and Keys notes. It also admitted that on November 9, 1892, Shaw conveyed to him twenty acres of the land to secure him as bail.

The answer averred that when the deed for the house and lot was made, a writing was delivered to Shaw, showing how it was held, but which writing was neither sealed, acknowledged nor recorded. It denied any fraud or intention to defraud Shaw or his creditors. It also stated an account.

The case was heard on bill, answer and proofs.

The court found as a fact that no fraud had been committed, and that the defendant by paying off the obligations of Shaw had given full value for the property conveyed to him.

The court dismissed the bill.

*Error assigned* was decree of the court dismissing the bill.

*James J. Purman*, with him *James Inghram*, for appellant, cited: Hincken v. McGlathery, 20 Phila. 209; Seichrist's App., 66 Pa. 241; Beegle v. Wentz, 55 Pa. 374; Sheriff v. Neal, 6 Watts, 538; Miller v. Pearce, 6 W. & S. 100; Morey v. Herrick, 18 Pa· 128; Plumer v. Reed, 38 Pa. 48.

*A. F. Silevus*, with him *S. M. Smith* and *R. F. Downey*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, November 10, 1902:

It is undisputed that the original conveyance by Shaw to appellee was to secure the latter for his advances and liabilities on Shaw's account, to enable him to sell the property, repay himself, and turn over any balance remaining to Shaw. This purpose was set out in writing, but the paper was not under seal and was not acknowledged or recorded. As the conveyance to appellee was absolute on its face, the case prima facie came under the act of 1881 as an ineffectual defeasance.

But the bill, as was pointed out by our Brother DEAN, when the case was here before (193 Pa. 646), is not founded on the agreement as a defeasance, affecting the character of the original transaction, but on fraud of the appellee, in procuring the deed as security to himself for liabilities already discharged, and the subsequent misapplication of the property in his hands, or the proceeds of that sold by him. The averments of fraud being technically admitted by the demurrer, all we said was "that plaintiff is entitled to a hearing."

The hearing has now been had and the court below has found explicitly that there was no fraud on the part of the appellee, and that "taking into consideration the full amount of the obligations paid as surety for Shaw, together with the judgment and mortgage paid off on the property conveyed to him, and rating said property at its market value in the years 1891 and 1892, McMinn has paid a full and fair price for the same."

This is equivalent to finding that upon an account between Shaw and the defendant, Shaw would not be entitled to recover. McGovern, under whose judgment plaintiff claims as sheriff's vendee, was a subsequent creditor, and plaintiff's rights, therefore, are no higher than Shaw's.

Decree affirmed with costs.